# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **SARM ENTERPRISES, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:15-CV-3747** |
| | § | |
| **NORTHLAND INSURANCE COMPANY** | § | |
| **and RUSSELL POWLEDGE** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT'S NOTICE OF REMOVAL**
**EXHIBIT C: COPIES OF PLEADINGS ASSERTING**
**CAUSES OF ACTION AND ALL ANSWERS TO SUCH PLEADINGS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Northfield Insurance Company (incorrectly sued herein as Northland Insurance Company), a defendant in the above entitled and numbered cause, and files copies of all pleadings asserting causes of action and all answers to such pleadings as required by Local Rule 81.2.



CAUSE NO. 201567748

RECEIPT NO.                         75.00    CTM
          **********               TR # 73189293

| PLAINTIFF: SARM ENTERPRISES INC | In The 55th |
| vs. | Judicial District Court |
| DEFENDANT: NORTHLAND INSURANCE COMPANY | of Harris County, Texas |
| | 55TH DISTRICT COURT |
| | Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: POWLEDGE, RUSSELL
    OR WHEREVER HE MAY BE FOUND

    ONE SUGAR CREEK CENTER BLVD SUITE 440 SUGARLAND TX 77478

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

This instrument was filed on the 12th day of November, 2015, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 19th day of November, 2015, under my hand and
seal of said Court.



Issued at request of:                          *Chris Daniel*
HERRING, MASON W
2727 ALLEN PARKWAY, SUITE 1150                 CHRIS DANIEL, District Clerk
HOUSTON, TX  77019                             Harris County, Texas
Tel: (832) 500-3170                            201 Caroline, Houston, Texas 77002
Bar No.: 24071746                              (P.O. Box 4651, Houston, Texas 77210)

                                   Generated By: EVANS, BONISHA EBONY  C1V//10241389

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy  of  this  citation  together  with  an  attached  copy  of
 PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE
to the following addressee at address:

_____    _____
                                      ADDRESS

_____
                                      Service was executed in accordance with Rule 106
                                         (2) TRCP, upon the Defendant as evidenced by the
(a)ADDRESSEE                             return receipt incorporated herein and attached
                                         hereto at

_____     _____

on _____ day of _____,
                                      by U.S. Postal delivery to _____
                                      _____

                                      This citation was not executed for the following
                                      reason: _____
                                      _____

                                      CHRIS DANIEL, District Clerk
                                      Harris County, TEXAS

                                      By _____, Deputy


N.INT.CITM.P                          *73189293*

2015-67748 / Court: 055

11/12/2015 10:22:05 AM
Chris Daniel - District Clerk Harris County
Envelope No. 7793585
By: Ariana Garibay
Filed: 11/12/2015 10:22:05 AM

CAUSE NO._____

| | | |
|---|---|---|
| SARM ENTERPRISES, INC. | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| NORTHLAND INSURANCE COMPANY | § | |
| AND RUSSELL POWLEDGE | § | |
| | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION & REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, SARM Enterprises, Inc. ("Plaintiff") and files this *Plaintiff's Original Petition & Request for Disclosure,* complaining of Northland Insurance Company ("Northland") and Russell Powledge ("Powledge"), collectively referred to as "Defendants," for cause of action, Plaintiff will respectfully show this Honorable Court the following:

### A. DISCOVERY CONTROL PLAN & PARTIES

1.  Plaintiff intend for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

2.  Plaintiff is a corporation headquartered in Harris County, Texas.

3.  Defendant Northland Insurance Company a Delaware corporation, upon information and belief, had its principle place of business in Minnesota at the time of the subject incident. Although a nonresident of Texas, Defendant Northland was engaged in business in Texas at the time of the subject incident and, in fact, this action arises from Defendant Northland's business in Texas, specifically torts they committed in Texas. Defendant Northland may therefore be served with process according to the Texas Long-Arm Statute by serving the

Texas Secretary of State, Service of Process Division, P.O. Box 12079, Austin, TX 78711,
who can in turn serve Defendant Northland at their last known address, 385 Washington
St, St Paul, MN 55102, or wherever they may be found.

4.  Defendant Russell Powledge is an individual residing in Harris County, and may be served
with process at his work address: One Sugar Creek Center Blvd., Suite 440, Sugarland, TX
77478 or wherever he may be found.

## B. JURISDICTION

5.  The Court has jurisdiction over the cause of action because the amount in controversy is
within the jurisdictional limits of the Court.

6.  The court has jurisdiction over Defendant Northland because this Defendant engages in the
business of insurance in the State of Texas and Plaintiff's causes of action arise out of
Defendant Northland's business activities in the State of Texas.

## C. VENUE

7.  Venue is proper in Harris County, Texas, because the insured's property is situated in
Harris County, Texas. TEX.CIV.PRAC.REM.CODE §15.032.

## D. FACTS

8.  Plaintiff is the owner Commercial Insurance Policy, policy number WS198251,
(hereinafter referred to as "the Policy"), which was issued by Defendant Northland Lloyds.

9.  Plaintiff owns the insured property, which is specifically located at 13266 Bellaire Blvd.,
Houston, Texas 77083 in Harris County, Texas (hereinafter referred to as "the Property").

10. Defendant Northland sold the Policy insuring the Property to Plaintiff.

11. On or about, December 12, 2013, a water pipe at the next door neighbor's place of business
burst, causing severe damage to the Property.

---

12. Plaintiff submitted a claim to Defendant Northland against the Policy for damage to the Property sustained as a result of the fire. Plaintiff asked that Defendant Northland cover the cost of repairs to the Property pursuant to the Policy. Defendant Northland assigned Defendant Powledge to adjust the claim.

13. Defendant Northland wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

14. Defendant Northland failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policies had been carried out and accomplished by Plaintiff. Defendant Northland's conduct constitutes a breach of the insurance contract between Defendant Northland and Plaintiff.

15. Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(1).

16. Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(2)(a).

17. Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate and untimely settlement. Specifically, Defendants failed to offer Plaintiff adequate

compensation, without any reasonable explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any reasonable explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(3).

18.     Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(4).

19.     Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's claim, which in turn, resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(7).

20.     Defendant Northland failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's

claim. Defendant Northland's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.055.

21.    Defendant Northland failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

22.    Defendant Northland failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant Northland has delayed full payment of Plaintiff's claim longer than allowed and, to date; Plaintiff has not yet received full payment for his claim. Defendant Northland conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §541.058.

23.    From and after the time Plaintiff's claims were presented to Defendant Northland, the liability of Defendant Northland to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Northland has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant Northland's conduct constitutes a breach of the common law duty of good faith and fair dealing.

24.    Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

25.    As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing them with respect to these causes of action.

26. Plaintiff's experience regarding his claim with Defendant Northland is not an isolated case. The acts and omissions Defendant Northland committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant Northland with regard to handling these types of claims. Defendant Northland's entire process is unfairly designed to reach favorable outcomes for the insurance companies at the expense of the policyholders.

### E. CAUSES OF ACTION

#### CAUSES OF ACTION AGAINST DEFENDANT POWLEDGE

27. Defendant Powledge conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

28. Defendant Powledge is individually liable for his own unfair and deceptive acts, irrespective of the fact that they were acting on behalf of Defendant Northland, because individually, they meet the definition of a "person" as defined by TEX.INS.CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX.INS.CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex.1998)(holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

29.   Powledge's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitute an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

30.   Defendant Powledge's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitute an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

31.   The unfair settlement practice of Defendant Powledge as described above, of failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitute an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

32.   Defendant Powledge's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitute an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

33.   Defendant Powledge's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitute an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

**FRAUD**

34.     Defendant Powledge is liable to Plaintiff for common law fraud.

35.     Each and every one of the representations, as described above, concerned material facts for
the reason Plaintiff would not have acted and which Defendant Powledge knew were false
or made recklessly without any knowledge of their truth as a positive assertion.

36.     The statements were made with the intention that they should be acted upon by Plaintiff,
who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury,
which constitutes common law fraud.

**CAUSES OF ACTION AGAINST DEFENDANT NORTHLAND**

37.     Defendant Northland is liable to Plaintiff for intentional breach of contract, as well as
intentional violations of the Texas Insurance Code and intentional breach of the common
law duty of good faith and fair dealing.

**BREACH OF CONTRACT**

38.     Defendant Northland's conduct constitutes a breach of the insurance contract made
between Defendant Northland and Plaintiff.

39.     Defendant Northland's failure and refusal, as described above, to pay the adequate
compensation it is obligated to pay under the terms of the Policy in question and under the
laws of the State of Texas, constitutes a breach of Defendant Northland's insurance
contract with Plaintiff.

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**
**UNFAIR SETTLEMENT PRACTICES**

40.     Defendant Northland's conduct constitutes multiple violations of the Texas Insurance
Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a). All violations under this
article are made actionable by TEX.INS.CODE §541.151.

41.  Defendant Northland's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

42.  Defendant Northland's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant Northland's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

43.  Defendant Northland's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for their offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

44.  Defendant Northland's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a timely and reasonable reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

45.  Defendant Northland's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
THE PROMPT PAYMENT OF CLAIMS

46.  Defendant Northland's conduct constitutes multiple violations of the Texas Insurance
     Code, Prompt Payment of Claims.  All violations made under this article are made
     actionable by TEX.INS.CODE §542.060.

47.  Defendant Northland's failure to acknowledge receipt of Plaintiff's claim, commence
     investigation of the claim, and request from Plaintiff all items, statements, and forms that
     they reasonably believed would be required within the applicable time constraints, as
     described above, constitutes a non-prompt payment of claims and a violation of the
     TEX.INS.CODE §541.055.

48.  Defendant Northland's failure to notify Plaintiff in writing of its acceptance or rejection of
     the claim within the applicable time constraints, constitutes a non-prompt payment of the
     claim within the applicable time constraints and a violation of the TEX.INS.CODE §541.056.

49.  Defendant Northland's delay of the payment of Plaintiff's claim following its receipt of all
     items, statements, and forms reasonably requested and required, for longer than the amount
     of time provided for, as described above, constitutes a non-prompt payment of the claim.
     TEX.INS.CODE §541.058.

BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

50.  Defendant Northland's conduct constitutes a breach of the common law duty of good faith
     and fair dealing owed to insured in insurance contracts.

51.  Defendant Northland's failure, as described above, to adequately and reasonably
     investigate and evaluate Plaintiff's claim, although, at that time, Defendant Northland
     knew or should have known by the exercise of reasonable diligence that its liability was
     reasonable clear, constitutes a breach of the duty of good faith and fair dealing.

## FRAUD

52. Defendant Northland is liable to Plaintiff for common law fraud.

53. Each and every one of the representations, as described above, concerned material facts for the reason Plaintiff would not have acted and which Northland knew were false or made recklessly without any knowledge of their truth as a positive assertion.

54. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury, which constitutes common law fraud.

## KNOWLEDGE

55. Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## F. DAMAGES

56. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

57. For breach of contract, Plaintiff is entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney fees.

58. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times his actual damages. TEX. INS. CODE §541.152.

59.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claim, as well as eighteen (18) percent interest per annum of the amount of his claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

60.   For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

61.   For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowing fraudulent and malicious representations, along with attorney's fees, interest and court costs.

62.   For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## G. JURY DEMAND

63.   Plaintiff hereby request that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## H. REQUESTS FOR DISCLOSURE

64.   Pursuant to Rule 194.1 *et seq.* of the Texas Rules of Civil Procedure, Plaintiff hereby requests Defendants to disclose the information or material described in Rule 194.2(a)

through Rule 194.2(l) of the Texas Rules of Civil Procedure. Pursuant to Rule 192.3(a) of the Texas Rules of Civil Procedure, the responses to these requests for disclosure shall be due 51 days after the service of this request upon each defendant.

## J. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, both as to actual damages, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on her behalf expended, for pre-judgment and post-judgment interest as allowed by law, for statutory penalties, and for any other and further relief, either at law or in equity, to which he may show herself to be justly entitled.

Respectfully submitted,

HERRING LAW FIRM

s/Mason W. Herring
MASON W. HERRING
STATE BAR NO. 24071746
2727 ALLEN PARKWAY
SUITE 1150
HOUSTON, TX 77019
PHONE: (832) 500-3170
FAX: (832) 500-3172
MHERRING@HERRINGLAWFIRM.COM

**ATTORNEY FOR PLAINTIFF**





STATE OF TEXAS
COUNTY OF HARRIS

I, Chris Daniel, District Clerk of Harris County, Texas, certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appeared on this date.
Witness my official hand and seal of office this

CHRIS DANIEL, DISTRICT CLERK
HARRIS COUNTY, TEXAS





RUSSELL POWLEDGE
ONE SUGAR CREEK CENTER BLVD SUITE 440
SUGARLAND, TX 77478

**CHRIS DANIEL**
HARRIS COUNTY DISTRICT CLERK
P.O. Box 4651
HOUSTON, TEXAS 77210-4651



12/28/2015 9:24:17 AM
Chris Daniel - District Clerk Harris County
Envelope No. 8370847
By: Tammy Tolman
Filed: 12/28/2015 9:24:17 AM

## CAUSE NO. 201567748

| | | |
|---|---|---|
| **SARM ENTERPRISES, INC.** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **NORTHLAND INSURANCE** | § | |
| **COMPANY AND RUSSELL** | § | |
| **POWLEDGE** | § | |
| | § | **55TH JUDICIAL DISTRICT** |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Northfield Insurance Company (incorrectly sued herein as Northland Insurance Company), one of the defendants in the above entitled and numbered cause, and files this its original answer to the plaintiff's original petition on file herein, and in support thereof would respectfully show the Court as follows:

I.

The defendant hereby generally denies the allegations contained in the plaintiff's petition on file herein pursuant to Rule 92 of the Texas Rules of Civil Procedure, and thus asserts its privilege of insisting that such allegations be proven by a preponderance of credible evidence.

II.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, the defendant notifies all parties to this lawsuit of the defendant's intent to introduce as evidence at any pretrial proceeding or at trial any document produced by any party in discovery in this lawsuit.

III.

The defendant specifically reserves the right to amend its answer to plead any affirmative defenses or other matters that must be specially pled and to assert any counterclaims or third-party claims it may have after discovery in this case is complete.

WHEREFORE, PREMISES CONSIDERED, the defendant, Northfield Insurance Company (incorrectly sued herein as Northland Insurance Company), moves and prays the Court that upon trial hereof, the plaintiff recover nothing, and that the defendant go hence with its costs, and for such other and further relief, both general and special, legal and equitable, to which defendant may show itself justly entitled to receive.

Respectfully submitted,

ORGAIN BELL & TUCKER, LLP
P O Box 1751
Beaumont, TX 77704-1751
(409) 838-6412
(409) 838-6959 facsimile

/s/  Greg C. Wilkins
Greg C. Wilkins
State Bar No. 00797669
gcw@obt.com
Warren B. Wise
State Bar No. 24075299
wwise@obt.com

ATTORNEYS FOR DEFENDANT,
NORTHFIELD INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I do hereby certify that on the 28th day of December, 2015, I electronically filed the foregoing with the Harris County District Clerk via eFile Texas which will send notification of such filing to each counsel of record.

/s/  Greg C. Wilkins
Greg C. Wilkins

2